# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-863-JPG |
| JOSEPH GULASH, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Hubert Hill, a pretrial detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of

the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## CLAIM 1

Hill alleges that Defendant Gulash did not allow him to use the gym for certain periods of time, sometimes months in between, and told Hill that the dayroom was sufficient for his exercise needs.

> In recent years we have not only acknowledged that a lack of exercise can rise to a constitutional violation, *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1986), but have concluded that "exercise is now regarded in many quarters as an indispensable component of preventive medicine." *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995). Given current norms, exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being.
>
> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70-day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient, where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).

In the case currently before the Court, Hill was not allowed to use the gym for short periods of time but was given access to the dayroom for his exercise needs. Since Hill was not deprived of all opportunities to exercise and engage in recreational activities, this does not constitute a constitutional deprivation. Thus, he has failed to state a claim upon which relief may be granted, and this claim will be dismissed.

## CLAIM 2

Hill next alleges that the air temperature at the jail was kept so low on certain blocks that he and other prisoners had to wear thermal underwear during the summer months to keep warm. Prisoners that did not have thermal underwear had to wrap up in blankets that the jail offered.

As stated previously, Hill is a pretrial detainee. Although claims brought by detainees pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

Though the temperature of the jail may have been uncomfortable for Hill, he and other prisoners were offered blankets to protect themselves from the cold. This indicates that Gulash was

not deliberately indifferent to the fact that the cells were cold and that the inmates had a right to adequate shelter. Given that Hill had access to blankets as an alternative means to protect himself from the cold, this Eighth Amendment claim against Gulash is without merit and will be dismissed.

## CLAIM 3

Hill then alleges that Gulash denied him meaningful access to the courts by not keeping the law library up-to-date with new material, only allowing him one day a week to use the law library, not allowing material into the library unless directly from the publisher, and not allowing photocopying of legal documents. Hill claims that these actions directly caused him to lose a previous court case because he lacked the necessary information to present a compelling case. In addition, he claims that he was forced to get help from the courts to produce the requisite copes of the court documents, which delayed proceedings.

> Prison officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries (or counsel). *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988). The right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nonetheless, reasonable access does not mean unlimited access. *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 (7th Cir. 1987).

*Martin v. Davies,* 917 F.2d 336, 338 (7th Cir. 1990). Violations of the right of access to the courts may be vindicated in federal court in a civil rights action pursuant to 42 U.S.C. § 1983. An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies,* 917 F.2d at 340; *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman,* 812 F.2d at 1021-22. Such an allegation must be more than merely conclusory, and a complaint is inadequate if it

> offers no specific facts to support these allegations – no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won.

*Martin,* 917 F.2d at 340.

In the instant case, even though he does not provide specific details, Hill does allege that the inadequacy of the jail's law library resulted in an actual detriment to his access to the courts. Therefore, the Court is unable to dismiss this claim at this time.

## CLAIM 4

Hill states that he has serious back pain and is prescribed Oxycodone. He claims that Defendant Blankenship received medical records from Barnes-Jewish Hospital, results of MRI scans, and results from a personal examination and consultation from other doctors at the hospital. Despite receipt of these records, Blankenship refused to give Hill his pain medication because of Hill's apparent past history of drug abuse. Hill claims that he would not be able to abuse the drug since the medical staff administered it.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known

> danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

In this case, in order for Hill to establish a deprivation of his due process right to adequate medical care, he needs to demonstrate that his condition was "objectively, sufficiently serious," and that Blankenship acted with "deliberate indifference to [his] health or safety." The Court can empathize that Hill's back pain is a serious medical condition that has been diagnosed by a physician and requires taking prescribed medication. Applying these standards to the allegations in the complaint, the Court is unable to dismiss this medical care claim against Blankenship at this time.

Hill also claims that he has nerve problems in his lower back and down his left leg that affects his walking. Despite this condition, Hill alleges that he is denied the use of his prescribed cane. Applying the standards set forth above, the Court is unable to dismiss this medical care claim against Defendant Blankenship at this time.

## CLAIM 5

Hill's final claim is that Gulash interfered with the delivery of U.S. mail by creating a new policy that there would be no delivery of mail on Saturdays. Hill states that the number of guards has not changed and that past Saturday deliveries were completed with no problems.

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782.

Although Hill has a First Amendment right to send and receive mail, he does not have the

constitutional right to receive mail every day. No delivery of mail on Saturdays results in a relatively short disruption that will not support a cause of action under the First Amendment. Furthermore, Hill has not made any showing that he was harmed in any way. Thus, he has failed to state a claim upon which relief may be granted, and this claim will be dismissed.

## UNKNOWN DEFENDANTS

Hill also lists Unknown Director of the Illinois Department of Corrections as a defendant in the caption of his complaint. However, the statement of claim does not include any allegations against this defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

## PENDING MOTIONS

When he filed this action, Hill also filed a motion for preliminary injunction before service of complaint (Doc. 2). In this motion, he seeks a medical examination for some sort of infection in his lungs. This request is unrelated to any of the claims presented in this action. Moreover, by seeking relief before service of complaint, Hill actually is seeking issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). At this time, the Court is of the opinion that a TRO should not issue in this

matter. Hill's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the request for issuance of a temporary restraining order is **DENIED**.

Also before the Court is Hill's motion for photocopying of all his pleadings, as needed, for service upon Defendants (Doc. 5). He makes this request because photocopy service is not available to inmates at Madison County Jail. Because the Court has granted his motion for leave to proceed *in forma pauperis* (*see* Doc. 13), this motion is **GRANTED**.

Finally, Hill requests that the Court appoint him counsel (Doc. 12). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Hill states that he contacted six attorneys, all of whom declined to represent him in this action.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Hill's claims are not that factually complex, as discussed above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on the pleadings in this case, this Court concludes that - at this time - Hill appears to be competent to litigate his case. Therefore, his motion for the appointment of counsel is **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **CLAIM 1**, **CLAIM 2**, and **CLAIM 5** are **DISMISSED** with prejudice in their entirety.

**IT IS FURTHER ORDERED** that Defendant **UNKNOWN DIRECTOR OF THE IDOC** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GULASH** and **BLANKENSHIP**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GULASH** and **BLANKENSHIP** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Madison County who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 16, 2009.**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**